IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAHER THAO,

                                                  OPINION AND ORDER

               Plaintiff,

                                                  14-cv-450-bbc

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Waher Thao is seeking judicial review of defendant Carolyn W. Colvin's final decision on his application for disability insurance benefits and supplemental security income. He contends that the administrative law judge erred in relying on the testimony of a vocational expert who testified that plaintiff was capable of working both at his former occupation and at other jobs involving medium work. Plaintiff calls the expert's testimony flawed as it relates to jobs involving medium work because it was based on an inexact and incomplete hypothetical question posed to the expert by the administrative law judge.

       It is not necessary to decide whether the challenged question was erroneous because the administrative law judge had substantial evidence to support his finding that plaintiff is still capable of working at his former occupation. Such a finding means that plaintiff is not disabled for social security purposes, 20 C.F.R. 404.1520(f) (if claimant has residual functional capacity to meet physical and mental demands of his past relevant work, he will

1

be found not disabled), so it is not necessary to decide whether plaintiff is also capable of performing medium work as defined in 20 C.F.R. § 404.1567(c).

BACKGROUND

Plaintiff applied for disability benefits in March 2011, when he was 54, alleging that he had become disabled on December 1, 2010 and that he had a history of stroke. AR 148. After his application was denied initially and again on reconsideration, he had a hearing before the administrative law judge on April 9, 2013. Plaintiff testified through an interpreter to the following: He was born in Laos, AR 36, and came to the United States with a relative. (He did not remember when this was. AR 36.). He worked for 15 years, or until the end of 2010, at a company called Linetec, where his job involved "carrying things and putting other thing in place." AR 37. (The vocational expert described plaintiff's job as that of production helper. AR 52. ) He does not speak English and was taught what he needed to know on the job by his son-in-law, who also worked at Linetec. Plaintiff had a stroke in 2004, but returned to his job at Linetec. AR 44.

Plaintiff testified that in late 2010, he was out of work for a month and later told by his employer not to come back to work, AR 39, and that his doctor told him he could not do the work, because of pain in his groin and the bottoms of his feet. AR 40. In addition, he testified that he suffered from headaches and from depression, which brought on dizziness. AR 44-46.

An agency psychologist, Dr. Jack Spear, reviewed plaintiff's records and determined

that plaintiff was not significantly limited but that he was moderately limited in five areas: (1) the ability to understand and remember detailed instructions; (2) the ability to carry out detailed instructions; (3) the ability to maintain attention and concentration for extended periods; (4) the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and (5) the ability to respond appropriately to changes in the work setting. AR 287-88. In an accompanying functional capacity assessment, Spear wrote that the medical evidence did not support any severe residual effects related to plaintiff's 2004 stroke, noting that plaintiff had returned to work afterwards and had continued to work until he was laid off in December 2010. AR 289. Spear also noted that a consulting examiner retained by the agency had met with plaintiff and had diagnosed adjustment disorder with mixed anxiety and depressed mood, but had noted that plaintiff did not experience depression until he was laid off. Id.

Spear concluded that plaintiff was able to meet the basic mental demands of unskilled work, although his concentration, pace and persistence "may be compromised by depressive symptoms." Id. The consulting examiner, Clinical Psychologist Gregory Cowan, reported that plaintiff should be able to understand, remember and carry out simple instructions and respond appropriately to supervisors and co-workers. His concentration and attention should be fair; his work pace was likely to be moderately limited by pain and his ability to withstand routine work stresses and adapt to workplace changes should be fair to good. AR 278.

A medical expert testified at plaintiff's hearing that plaintiff had mild depression,

mild restriction of activities of daily living and moderate limitations in maintaining concentration, persistence and pace. AR 48-50. A vocational expert also testified. The administrative law judge asked her whether there would be past relevant work for a person of claimant's age, education and work experience,

- who could lift 50 pounds occasionally, 25 pounds frequently,
- stand for six out of eight hours and sit for six out of eight hours,
- needed to avoid hazardous heights and dangerous machinery, and
- was available for only simple, routine and repetitive work,
- able to maintain concentration, persistence and pace at a moderate level,
- able to understand, carry out and remember simple instructions and
- maintain concentration, persistence and pace at a moderate level,
- complete moderate tasks without constant supervision,
- respond appropriately to supervisors, coworkers and the public and
- adjust to routine changes in the work setting.

R 52. The expert said that such a person could perform plaintiff's past relevant work and, in addition, could work in food preparation, of which there were about 3000 jobs in the economy, or in dishwashing, of which there were 6400 jobs, or as a sorter, of which there were 3700 jobs in the economy. AR 53.

In response to another question from the administrative law judge, the vocational expert testified that there would be no past relevant work in the economy for a person who

- could lift only 10 pounds occasionally and five pounds frequently,

- sit or stand for only two to six hours in an eight hour day,

- had to avoid hazardous heights and dangerous machinery,

- do no kneeling, stooping, crouching, crawling or climbing and

- was available only for simple, routine and repetitive work and

- would be absent from work two or more random days each month.

Id.

The administrative law judge concluded that plaintiff had the severe impairments of stroke, obesity and adjustment disorder, AR 14, but he found no medical evidence in the record that plaintiff was disabled by headaches, hypertension or back pain, sleep apnea or groin pain. AR 15. (The administrative law judge did not explain why he considered plaintiff's stroke a "severe impairment" when he did not identify any lingering physical or mental consequences of the stroke.) He then found that none of plaintiff's severe impairments met or medically equaled the severity of a listed impairment. Id. Finally, he found from the record and from the vocational expert's testimony, AR 52-53, that plaintiff was able to perform his past relevant work. AR 19.

As an alternative finding, the administrative law judge concluded that plaintiff could perform medium work as defined in 20 C.F.R. § 404.1567(c), with the restrictions of not working at hazardous heights or around dangerous machinery. He would be available for simple, routine and repetitive work, was able to understand, carry out and remember simple instructions, could maintain concentration, persistence and pace at a moderate level, complete moderate tasks without constant supervision, could respond appropriately

to supervisors, coworkers and the public and could adjust to routine changes in the workplace.  AR 17.

OPINION

Plaintiff's objections to the administrative law judge's opinion center on his finding that plaintiff can perform other medium work in addition to his past relevant work.  Because this finding is only an alternative and the record clearly supports the primary finding that plaintiff can perform his past relevant work, it is unnecessary to take up that issue.

As the administrative law judge found, the evidence supports the finding that plaintiff can perform his past relevant work, despite his arguments to the contrary.  Plaintiff testified that he had been laid off from his job because he was physically unable to do the work, but the administrative judge explained why he gave no weight to this testimony. First, although plaintiff had told the agency he had been fired or laid off after his doctor had restricted him from working,  AR 149, in fact, his doctor had not restricted him from working but had signed only a one-month light duty restriction on December 1, 1012. AR 18 (citing AR 199). In January 2011, plaintiff's former employer wrote to tell him he was being terminated for not returning to work after the expiration of that one-month medical restriction.  AR 198.

Second, the administrative law judge found that plaintiff's "allegedly disabling impairments had been present at approximately the same level of severity prior to the alleged onset date," AR 18, but the record showed that plaintiff had continued to work for six years

after having his stroke, despite having the headaches, pain, dizziness and problems with memory and concentration to which he testified. AR 18. Third, plaintiff had failed to mention many of his alleged impairments on a number of occasions when he saw a doctor; he had made statements to his doctors to the effect that he did not think there was anything wrong with him; he had had physical examinations that showed no evidence of residual neurological abnormalities; he had no history of permanent or long-term work restrictions recommended by a treating doctor; and he had had only infrequent, conservative treatment that did not "substantiate the presence of limitations beyond that in the residual functional capacity." AR 18-19. Fourth, the agency medical consultants did not identify any medical problems that might prevent plaintiff from continuing his former medium level work and the agency psychologists found that he retained the ability to meet the basic mental demands of unskilled work, although noting his moderate limitations in the ability to maintain activities within a schedule, maintain regular attendance and be punctual within customary tolerances, the ability to respond appropriately to changes in the workplace and the ability to maintain attention and concentration for extended periods. This evidence was sufficient to support the administrative law judge's conclusion that plaintiff could perform his past relevant work.

Citing Yurt v. Colvin, 758 F.3d 850 (7th Cir. 2014), plaintiff argues that the administrative law judge's must be overturned because he did not identify plaintiff's specific limitations in concentration, persistence and pace. The administrative law judge did specify in his hypothetical that plaintiff could perform only simple, routine and repetitive work, that he could understand, remember and carry out only simple instructions and maintain

7

concentration, persistence and pace at a moderate level, but he said nothing about plaintiff's moderate limitation in maintaining attention and concentration for extended periods and in performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances. Although similar omissions required a remand in Yurt, that was an entirely different case, involving a claimant who had been unable to keep a job because of a psychotic disorder causing him to experience auditory hallucinations, bouts of uncontrollable rage, obsessive compulsive disorder, severe chronic obstructive pulmonary and tension headaches. Id. at 852. By contrast, in 15 years of working for the same employer, plaintiff had established that he could meet his employer's expectations in the areas of maintaining attention and concentration and performing activities within a schedule, maintaining regular attendance and punctuality. He did not cite any evidence that his three years away from his job had diminished his ability to perform the work.

Accordingly, I conclude that plaintiff has failed to show that the administrative law judge erred in finding at step four of the five-step sequential evaluation process under 20 C.F.R. § 404.1520(g) that plaintiff had the residual functional capacity to perform his past relevant work.


ORDER

IT IS ORDERED that plaintiff Waher Thao's motion for summary judgment, dkt. #11, is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability insurance benefits and

supplemental security income is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

    Entered this 13th day of March, 2015.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge